# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

TAMMIE HINELY and JESUS SANCHEZ

Individually and on behalf of others
similarly situated

Plaintiffs,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

Defendant.

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Class Representative Plaintiffs TAMMIE HINELY and JESUS SANCHEZ, individually and on behalf of all similarly situated employees, ("Plaintiffs"), by and through their counsel, file this Complaint against AMERICAN FAMILY MUTUAL INSURANCE COMPANY ("American Family" or "Defendant") and state as follows:

### PRELIMINARY STATEMENT

1. At all relevant times, Defendant provided insurance coverage to residents throughout the state of Colorado.

2. Defendant employed Plaintiffs as casualty claims adjusters to handle losses related to liability claims, bodily injury claims, uninsured motorist claims, and underinsured motorist claims.

3. Defendant improperly classified Plaintiffs as "executive", "administrative", "professional", or any other exempt class of worker when classified as "Casualty Claims Adjusters."

4. The Defendant uniformly denied wages to Plaintiffs for hours worked on behalf of the Defendant. More specifically, Defendant failed to pay overtime to the Plaintiffs.

5. The Defendant's deliberate failure to pay employees their overtime compensation violates the Fair Labor Standards Act ("FLSA").

6. Plaintiffs were subject to the illegal policy and practice of failing to pay workers for all time worked, including failing to pay associated overtime wages.

7. This cause of action is brought to recover from Defendant unpaid wages, overtime compensation, a declaratory judgment, liquidated damages, and the costs and attorneys' fees associated with the bringing of this action, plus any additional relief that is just and proper for Plaintiffs.

## JURISDICTION AND VENUE

8. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 7 of this Complaint as if set forth *verbatim*.

9. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. Subject Matter jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for consumers as

defined § 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) The annual gross sales volume of the Defendant was in excess of $500,000 per annum.

11. This Court has supplemental jurisdiction over Plaintiffs' unjust enrichment claims pursuant to 28 U.S.C. § 1367(a) because Plaintiffs' unjust enrichment claims form a part of the same case or controversy and arise out of the common nucleus of operative facts as wage and hour claims.

12. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred in the District of Colorado.

## COVERAGE

13. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 12 of this Complaint as if set forth *verbatim.*

14. At all times material hereto, Plaintiffs were "employees" of Defendant within the meaning of FLSA because they employed by an employer.

15. At all times material hereto, Defendant was an "employer" within the meaning of FLSA because Defendant acted directly or indirectly in the interest of the employer in relation to an employee. 29 U.S.C. § 203(d). See *Koellhoffer v. Plotke-Giordani*, 858 F. Supp. 2d 1181, 1189 (D. Colo. 2012).

16. The **FLSA** "defines the verb 'employ' expansively to mean 'suffer or permit to work.'" *Nationwide Mut. Ins. Co. v. Darden,* 503 U.S. 318, 326, 112 S.Ct. 1344, 117 L.Ed.2d 581 (1992) (quoting 29 U.S.C. § 203(g)). "An entity 'suffers or permits' an individual to work if, as a matter of 'economic reality', the entity functions as the individual's

**employer**." *Zheng v. Liberty Apparel Co., Inc.,* 355 F.3d 61, 66 (2d Cir.2003) (citing *Goldberg v. Whitaker House Coop., Inc.,* 366 U.S. 28, 33, 81 S.Ct. 933, 6 L.Ed.2d 100 (1961).

17. The Tenth Circuit has adopted the economic reality test for determining an employment relationship. *Baker v. Flint Eng'g & Const. Co.,* 137 F.3d 1436, 1439 (10th Cir.1998). The *Baker* court held that "[t]he economic reality test includes inquiries into whether the alleged **employer** has the power to hire and fire employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, and maintains employment records." *Id.* (citing *Watson v. Graves,* 909 F.2d 1549, 1553 (5th Cir.1990)).

18. At all times material hereto, Defendant was an employer because it had the ability to do the following with respect to Plaintiffs: hire and fire, supervise work schedules and conditions of employment, determined rates and method of payment and were obligated under the law to maintain employment records.

19. Also, at all times material hereto, Defendant was an employer because it held exclusive operational control over Plaintiffs, was solely responsible for the day-to-day operations, *and* had direct responsibility for the supervision of the Plaintiffs.

20. The **FLSA** defines an **enterprise engaged** in **commerce** or in the production of goods for **commerce** as one that "(a)(i) has employees **engaged** in **commerce** or in the production of goods for **commerce,** or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for **commerce** by any person; *and* (ii) is an **enterprise** whose annual gross volume of sales made or business done is

not less than $500,000...." 29 U.S.C. § 203(s)(1); *See Tripodi v. Microculture, Inc.,* 397 F. Supp. 2d 1308, 1313 (D. Utah 2005).

21. At all times material hereto, Defendant was, and continues to be an "enterprise engaged in commerce" within the meaning of FLSA.

22. Also, based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000 per annum during the relevant time periods.

23. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

24. Likewise, section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. Because none of the FLSA exemptions apply to Plaintiffs, at all times material hereto, Plaintiffs were non-exempt.

## PARTIES

25. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 25 of this Complaint as if set forth *verbatim.*

26. At all times pertinent hereto, Plaintiffs TAMMIE HINELY and JESUS SANCHEZ were citizens of the United States of America and residents of the State of Colorado with the residential addresses of 2238 S. Lima St., Aurora, CO 80014 and 7792 E. 137th Ave., Thornton, CO 80602, respectively. Plaintiffs were hired as a "Casualty Claims Adjusters." At all times pertinent hereto, Plaintiffs were misclassified as non-exempt employees of the Defendant.

27. Upon information and belief, Defendant's principle place of business is located at 6000 American Parkway, Madison, WI 53783, with a regional facility located at 9510 S. Meridian Boulevard, Englewood, CO 80112.

## GENERAL ALLEGATIONS

28. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 27 of this Complaint as if set forth *verbatim.*

29. As a claims adjuster, Defendant required Plaintiffs to contact the insured within two hours of receipt of a claim.

30. Plaintiffs' files were audited my managers employed by Defendant five days after receipt of a claim.

31. Managers monitor all activity on the claims handled by Plaintiffs.

32. Managers are involved in almost every claim that involves wage losses or essential services.

33. Managers have ultimate authority to determine any amounts dispersed on a claim, resulting in little to no independent decision making authority by Plaintiffs.

34. Plaintiffs must refer all claims that involve attorneys or the Department of Insurance to their managers.

35. Plaintiffs' job duties and responsibilities do not include setting pay rates, or determining pay raises.

36. Plaintiffs' job duties and responsibilities do not include setting work schedules of any employee.

37. Plaintiffs' job duties and responsibilities do not include awarding "promotions" or determining who would "advance."

38. Plaintiffs' job duties and responsibilities do not include determining staffing levels.

39. Plaintiffs' job duties and responsibilities do not include conducting employee interviews.

40. Plaintiffs' job duties and responsibilities do not include the authority to discipline any other employee employed by Defendant.

41. Plaintiffs' job duties and responsibilities do not include assigning work to employees employed by Defendant.

42. Plaintiffs' job duties and responsibilities do not include formulating, affecting, interpreting, or implementing management policies or operating practices.

43. Plaintiffs were not permitted to deviate from established policies and procedures without prior approval.

44. Plaintiffs' job duties and responsibilities did not include making job assignments.

45. Plaintiffs were micromanaged and tightly controlled by company policy and Defendant.

46. Plaintiffs do not possess final authority as to any matter of any marginal import while employed with Defendant.

47. Plaintiffs were required to obtain authorization from Defendant for even the most minor decisions.

48. Plaintiffs' job duties and responsibilities do not include exercising discretion or independent judgment as to matters of significance.

49. Plaintiffs' job duties and responsibilities do not include exercising judgment in selecting amongst alternative options while employed with Defendant.

50. Plaintiffs' job duties and responsibilities do not include exercising independent choice that was free from immediate supervision.

51. Plaintiffs' job duties and responsibilities included routine, standardized duties.

52. Plaintiffs' were not paid for any overtime hours worked during each week. Plaintiffs were misclassified to avoid paying this overtime pay for hours worked over forty hours per week.

53. Plaintiffs were required to work between ten and twelve hours per day to complete the tasks required by Defendant, resulting in at least ten to twenty hours of unpaid overtime per week.

54. Plaintiffs customarily and regularly performed non-exempt work while employed with Defendant, as this work was never supervisory in nature.

55. Plaintiffs have been improperly classified as "executive", "administrative", "professional", or any other exempt class of worker.

## FIRST CLAIM FOR RELIEF

### Violation of the Fair Labor Standards Act of 1938

56. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 55 of this Complaint as if set forth *verbatim*.

57. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq*.

58. Plaintiffs are "employees" pursuant to 29 U.S.C. § 203(e)(1).

59. Defendant is an "employer" pursuant to 29 U.S.C. § 203(d).

60. Defendant suffered and/or permitted Plaintiffs to work pursuant to 29 U.S.C. § 203(g).

61. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs when they worked as "Casualty Claims Adjusters." Accordingly, Plaintiffs must be paid overtime pay in accordance with the FLSA.

62. The FLSA regulates, among other things, payment of overtime pay by employers whose employees are engaged in the alleged activities of the Defendant.

63. Defendant was, and is, subject to the recordkeeping, minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

64. Defendant violated the FLSA by failing to pay Plaintiffs all of their time worked, including overtime. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by employees.

65. Plaintiffs are victims of a uniform compensation policy practice. This uniform policy and practice, in violation of the FLSA, has been applied to all Plaintiffs.

66. Plaintiffs are entitled to damages equal to the unpaid wages and mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable and agreed-upon tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

67. Defendant has not acted in good faith, nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime pay described above pursuant to Section 16(b) of the FLSA,

29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime wages, Plaintiffs are entitled to an award of pre- and post-judgment interest at the applicable legal rate.

68. As a result of the aforesaid willful violations of the FLSA minimum wage and overtime provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs for which Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## SECOND CLAIM FOR RELIEF

### Unjust Enrichment

69. Plaintiffs incorporate herein by this reference the allegations contained in Paragraphs 1 through 68 of this Complaint as if set forth *verbatim*.

70. Defendant suffered and/or permitted Plaintiffs to perform off-the-clock work in one or more work weeks.

71. Plaintiffs were not compensated for these off-the-clock hours.

72. Defendant knowingly accepted the off-the-clock work, but Defendant did not compensate Plaintiffs for this work.

73. Defendant has been unjustly enriched as a result of its accepting the work of Plaintiffs without proper compensation.

74. It would be unjust to allow Defendant to enjoy the fruits of the Plaintiffs' labor without proper compensation.

75. Plaintiffs' unjust enrichment claim seeks unpaid straight time compensation for the off-the-clock work where Plaintiffs made at their respective regular rates of pay, and, where applicable, overtime pay, for all hours worked.

WHEREFORE, Plaintiffs demand judgment against Defendant for the payment of compensation for which they have not been properly paid, liquidated damages, reasonable attorneys' fees and costs, prejudgment interest, and for all other appropriate relief.

## JURY DEMAND

Plaintiffs request a trial to a jury on all issues so triable.

Dated this 10th day of March, 2015.

Respectfully submitted,

BACHUS & SCHANKER, LLC

*/s/Karen O'Connor*
Karen O'Connor
Andrew C. Quisenberry
Bachus & Schanker, LLC
1899 Wynkoop Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 893-9800
Facsimile: (303) 893-9900
Email: karen.occonor@coloradolaw.net
Andrew.quisenberry@coloradolaw.net